# EXHIBIT A

## PROMISSORY NOTE

$250,000.00                                                                                                  July 11, 2006
                                                                                                        Clearwater, FL  34685

       The undersigned, DOUGLAS J. STUKEL ("Borrower"), an Illinois resident (hereinafter "Borrower"), for value received (with respect to the advance of monies by Lender on Borrower's behalf to Health Partnership Inc. and/or to Capital Growth Systems, Inc.), hereby promises to pay to the order of SCOTT P. MITCHELL ("Lender"), at Suite 509, 28050 U.S. 19 N., Clearwater, Florida 33671 (or at such other place as may be designated by the holder hereof to Borrower from time to time), the principal sum of TWO HUNDRED FIFTY THOUSAND DOLLARS AND NO/100 DOLLARS ($250,000.00) (the "Principal"), together with interest thereon as hereinafter provided.

       (1)    The Principal balance of this Promissory Note shall accrue interest at the rate of twelve percent (12%) annually.

       (2)    The entire principal balance of and all accrued interest and payments on this Promissory Note in accordance with its terms (collectively the "Total Obligations).

       (3)    Borrower will be in default ("Default") if any of the following happens: (a) the Total Obligations are not paid in full by December 11, 2006; or (b) Borrower becomes insolvent, a receiver is appointed for any part of Borrower' property, Borrower make an assignment for the benefit of creditors, or any proceeding is commenced by Borrower or against Borrower under any bankruptcy or insolvency laws. Upon a Default, the holder hereof may declare the Total Obligations immediately due, without notice, and then Borrower shall be obligated to pay that amount to Lender immediately.

       (4)    Borrower has concurrently herewith executed that certain Assignment of Stock Agreement in favor of Lender, attached as Exhibit "A", whereby in order to secure Borrower' Total Obligations, Borrower has assigned 149,876 shares of common stock of Think Partnership Inc. f/k/a CGI Holding Corporation ("THK") to Lender ("Collateral"), as security for all of Borrower' obligations and liabilities to Lender whether now existing or hereafter arising under this Promissory Note. Borrower has pledged to Lender the Collateral and granted Lender a security interest in Borrower' right, title, and interest in and to the Collateral, and the proceeds thereof (from disposition or otherwise). Borrower has agreed to take such additional actions as may be necessary or advisable at the reasonable request of Lender to perfect and continue Lender's security interest in the Collateral. Borrower shall from time to time execute and deliver to Lender, at the request of Lender, all financing statements and other documents that Lender may reasonably request, in form satisfactory to Lender, to perfect and continue to perfect Lender's security interests in the Collateral. Borrower has represented that such security interest constitutes a valid, first priority interest in the Collateral and will constitute a valid first priority interest in the Collateral. Borrower covenants that Borrower has not created, permitted, or suffered to exist any lien on the Collateral and Borrower henceforth covenants Borrower shall not create, permit, or suffer to exist any lien on the Collateral in the future except for the pledge and security interest of Lender hereunder.

(5) In repayment of the Total Obligations, Borrower will have the right to cause some or all of the Collateral to be sold at Borrower's direction in private transactions to be arranged by Borrower, Roth Capital, or another market maker acceptable to Borrower, and Lender and his agents and attorneys will fully cooperate therewith, provided that 100% of the sales proceeds will be retained by Lender and credited against the Total Obligations until they have been repaid in full.

(6) If the Total Obligations are repaid in full on or before October 10, 2006, then Lender will return all remaining Collateral to Borrower and Borrower (or his designees) will pay to Lender $1,000 to reimburse Lender (for legal and other costs associated with this loan).

(7) If the Total Obligations are repaid in full between October 11, 2006 and November 10, 2006, then Lender will return all remaining Collateral to Borrower and Borrower (or his designees) will pay to Lender $2,000.

(8) If the Total Obligations are repaid in full between November 11, 2006 and December 10, 2006, then Lender will return all remaining Collateral to Borrower and Borrower (or his designees) will pay to Lender $4,000.

(9) If the Total Obligations are unpaid after December 10, 2006 than the Lender will be entitled to collect liquidated damages in the amount of $50,000. Borrowers agrees and acknowledges that the Liquidated Damages are not a penalty but rather a fair compensation for the Lender's damages for failure by the Borrower to repay the Total Obligations previously. Borrower covenants and agrees that Borrower will not directly or indirectly initiate, assign, maintain, or prosecute, or in any way knowingly aid or assist in the initiation maintenance or prosecution of any lawsuit or other proceeding challenging the imposition of or enforceability of the Liquidated Damages imposed herein.

(10) Notwithstanding anything elsewhere contained herein to the contrary, the rate of interest payable hereunder shall in no event exceed the maximum lawful rate which may be charged under applicable law.

(11) Borrower hereby waives diligence, presentment, demand, protest and notice of every kind whatsoever. The failure of the holder hereof to exercise any of his rights hereunder in any particular instance shall not constitute a waiver of the same or of any other right in that or any subsequent instance. The holder shall not, by any act of omission or commission, be deemed to waive any of his rights or remedies hereunder or in connection herewith unless such waiver shall be in writing and signed by the holder, and then only to the extent specifically set forth therein. A waiver of one event shall not be construed as continuing or as a bar to or a waiver of such right or remedy of or on a subsequent event. This Promissory Note is made under and governed by, and shall be construed and enforced in accordance with, the laws of the State of Florida without regard to conflict of laws principles. This Promissory Note and the Assignment of Stock Agreement shall be binding upon the successors, assigns, heirs and representatives of Borrower.

(12) No failure on the part of Lender to exercise and no delay in exercising, and no course of dealing with respect to, any right, power, or privilege under this Promissory Note shall

operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege under this Promissory Note preclude any other or further exercise thereof or the exercise of any other right, power, or privilege. To the fullest extent permitted by applicable laws, the rights and remedies provided for in this Promissory Note are cumulative and not exclusive of any rights and remedies provided by law.

(13)   This Promissory Note and the Assignment of Stock Agreement shall be binding upon and inure to the benefit of Lender and his respective heirs, successors, and assigns.

(14)   This Promissory Note, together with the Assignment of Stock Agreement, embodies the final, entire agreement among the parties hereto and supersedes any and all prior commitments, agreements, representations, and understandings, whether written or oral, relating to the subject matter hereof. The provisions of this Promissory Note and the Assignment of Stock Agreement may be amended or waived only by an instrument in writing signed by the Borrower and the Lender.

(15)   This Promissory Note and the Assignment of Stock Agreement, and the rights and duties of the parties hereto, shall be construed in accordance with and governed by the internal laws of the State of Florida; provided, however that any enforcement of Lender's rights and remedies in any other jurisdiction shall, to the extent required by applicable laws, be governed by the laws of the jurisdiction of enforcement. Each party hereto hereby submits to the jurisdiction of the United States District Court for the Middle District of Florida for purposes of all legal proceedings arising out of or relating to the Promissory Note and the Assignment of Stock Agreement or the transactions contemplated hereby. Each party hereto irrevocably waives, to the fullest extent permitted by law, any objection it may now or hereafter have to the laying of the venue of any such proceeding brought in such a court and any claim that any such proceeding brought in such a court has been brought in an inconvenient forum. EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

(16)   If this Promissory Note is placed in the hands of an attorney for collection after Default, or is collected by legal proceedings of any kind, Borrower agree to pay all costs of collection, including reasonable attorney's fees and expenses.

IN WITNESS WHEREOF, Borrower has executed this Promissory Note, intending to be legally bound hereby.

Douglas J. Starkel

1010307_1

STATE OF ___ILLINOIS___ )

COUNTY OF ___WILL___ )

    BEFORE ME, the undersigned authority, this day personally appeared Douglas J. Stukel, who, after first showing the proper identification of ___DOUGLAS J. STUKEL___, or being personally known to me, deposes and says that he executed the foregoing Promissory Note to the best of his knowledge, and he did ( ) did not ( ) take an oath.

    SWORN TO AND SUBSCRIBED before me this ___OFFICIAL SEAL___ day of ___JULY___, 2006.

> OFFICIAL SEAL
> JUNE A NILLES
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:01/31/10

_June A. Nilles_
Notary Public State of ___ILLINOIS___

___JUNE A. NILLES___
Printed Name of Notary
My Commission Expires: ___1/31/2010___

1010307_1

4