# EXHIBIT B

## SETTLEMENT AGREEMENT

This agreement is made this 24th day of November, 2010 between Scott Mitchell ("Mitchell") and Douglas Stukel ("Stukel")

WHEREAS the parties mutually desire to settle their dispute over a certain promissory note dated July 11, 2006 issued by Stukel in favor of Scott Mitchell ("Promissory Note Dispute");

NOW, THEREFORE, in exchange for mutually valuable consideration the sufficiency of which is hereby acknowledged and intending to be legally bound, the parties do hereby agree as follows:

1. Stukel agrees to enter into that certain Affidavit of Confession of Judgment attached as Exhibit A hereto ("Affidavit"). The Affidavit is incorporated by reference herein as if it was set forth in full. Stukel agrees pay the sum of $299,787.00 to Scott Mitchell payable over a term of 15 months as follows:

| Amount | Due Date |
| --- | --- |
| $10,000.00 | November 19, 2010 |
| $10,000.00 | December 1, 2010 |
| $20,250.00 | January 1, 2011 |
| $20,250.00 | February 1, 2011 |
| $20,250.00 | March 1, 2011 |
| $20,250.00 | April 1, 2011 |
| $20,250.00 | May 1, 2011 |
| $20,250.00 | June 1, 2011 |
| $20,250.00 | July 1, 2011 |
| $20,250.00 | August 1, 2011 |
| $20,250.00 | September 1, 2011 |
| $20,250.00 | October 1, 2011 |
| $20,250.00 | December 1, 2011 |
| $22,037.00 | January 1, 2012 |
| $35,000.00 | February 1, 2012 |

Page 1 of 5

All payments shall be made via cashier's check or certified funds payable to Scott Mitchell and sent to 3265 Boesch Blvd. Palm Harbor, FL 34684

2. The obligations of Stukel contained in paragraph 1 above and the Affidavit constitute full consideration for the settlement of all claims Mitchell has against Stukel, known or unknown ("Consideration").

3. Excepting the obligations of Stukel to pay the Consideration contained in this Agreement, Mitchell hereby settles and releases any and all claims and causes of action of any nature whatsoever which he has, may have had, or may ever have, whether known or unknown, against Stukel, his heirs, personal representatives, successors and assigns including but not limited to all claims made, or that could have been made, relating to the Promissory Note Dispute.

4. Stukel hereby settles and releases any and all claims and causes of action of any nature whatsoever which he has, may have had, or may ever have, whether known or unknown, against Mitchell, his heirs, personal representatives, successors and assigns relating to the Promissory Note Dispute.

5. This Agreement may be signed in counterparts, which upon assembly of all parts shall constitute a whole and a facsimile or emailed signature shall be treated as an original signature.

6. The invalidity of any one or more of the words, phrases, sentences, clauses, sections or subsections contained in this Agreement shall not affect the enforceability of the remaining portions of this Agreement or any part thereof, all of which are inserted conditionally on their being valid in law, and in the event any one or more of the words, phrases, sentences, clauses, sections or subsections contained in this Agreement shall be declared invalid, this Agreement shall be construed as if such invalid portion had not been inserted. Upon such determination, the parties shall act in good faith to affect the original intent of the parties.

7. This Agreement constitutes the entire agreement and understanding of the parties and no amendment, modification or waiver of any provision herein shall be effective unless in writing, executed by all parties.

8. No party shall be deemed to be the "drafting party" of this Agreement and, consequently, this Agreement shall be construed as a whole, according to its fair meaning and intent, and not strictly for the benefit of or detriment to one party or the other.

9. The captions and headings of the various sections or provisions in this Agreement are solely for the convenience of the parties and for reference, and shall not be construed in any way to interpret, define or limit the content of any provision or section hereof. In interpreting this Agreement, when applicable the singular form

of any word shall mean or apply to the plural and the feminine form shall mean to apply to the masculine, and vice versa.

10. This Agreement represents the entire agreement between the parties, it supersedes all prior negotiations and agreements, and no statements, promises, or inducements made by any party hereto not contained in this instrument shall be valid or binding.

11. No change, amendment, or modifications to or extension of or waiver of any provisions of or consent provided under this Agreement shall be valid unless such change, amendment, modification, extension, consent, or waiver is in writing and signed by all the parties to this Agreement, or, in the case of consent or waiver, by the party granting the same.

12. In case any section or provision of this Agreement, or in case any covenant, stipulation, obligation, agreement, act or action, or part thereof, made, assumed, entered into, or taken under this Agreement, or any application thereof, is, for any reason, held to be illegal or invalid, or is at any time inoperable by reason of any law, or actions thereunder, such illegality or invalidity or inoperability shall not affect the remainder thereof or any covenant, stipulation, obligation, agreement, act or action, or part thereof, made, assumed, entered into or taken under this Agreement, which shall, at the time, be construed and enforced as if such legal or invalid or inoperable portion were not contained therein.

13. This Agreement shall be construed and enforced in accordance with the laws of the State of Florida without reference to its choice of law or conflict of law provisions. The parties agree to submit to the personal jurisdiction of the courts of the State of Florida as set forth in the Affidavit of Confession of Judgment.

_____
Douglas Stukel

_____
Scott Mitchell

# Exhibit A

## **AFFIDAVIT OF CONFESSION OF JUDGMENT**

I Doulas Stukel ("STUKEL") being duly sworn states as follows:

1. Douglas Stukel issued a Promissory Note in favor of Scott Mitchell dated July 11, 2006 in the amount of $250,000 with interest to accrue at 12%.("Original Promissory Note"). Since July 2006, amounts remain due and owing ("Promissory Note Dispute"). Per the Settlement Agreement between Scott Mitchell and Douglas Stukel dated _November 24_, 2010 ("Settlement Agreement") that resolved the Promissory Note Dispute, all payments shall be made via cashier's check or certified funds payable to Scott Mitchell. .All payments shall be sent to Mitchell at his residence at 3265 Boesch Blvd. Palm Harbor, FL 34684 STUKEL agrees that if a payment due under the Settlement Agreement is not paid by the 15th of the month, then Mitchell shall provide written notice of the non-payment to STUKEL at the following address by certified and regular mail: c/o Momentum Capital 2001 Butterfield Road Suite 1050 Downers Grove Illinois 60515 If payment is not made to Mitchell within 45 days from the date it was originally due, then STUKEL shall be in default ("Default"). Upon Default, the principal including all accrued interest, under the Original Promissory Note, and including costs of collection and reasonable attorney's fees incurred post-Default shall be immediately due and payable less any payments made to Mitchell under the Settlement Agreement. Any failure by Mitchell to follow the notice requirement of this Agreement as to an installment does not invalidate STUKEL's obligation to pay that installment but serves to extend the due date of the installment by 15 days after proper notice is given. i.e.,15 days after the date of postmark of the certified and regular mail notice to STUKEL.
2. In the event of Default, Mitchell is authorized to file this Affidavit of Confession of Judgment ("Affidavit") with the Court and seek execution thereon for the entire principal and interest under the Original Promissory Note, and costs of collection including reasonable attorneys' fees incurred post-Default less any payments made to Mitchell under the Settlement Agreement. STUKEL hereby waives all defenses other than payment/offset and lack of proper notice. Upon Mitchell filing this Affidavit and Mitchell

Page 1 of 2

filing an Affidavit of Non-payment with the Court with notice to STUKEL, Mitchell shall be entitled to a judgment against STUKEL for outstanding principal and interest under the Original Promissory Note, costs, and reasonable attorney's fees incurred post-Default less any payments made to Mitchell under the Settlement Agreement. The Court shall be permitted, and is hereby authorized to enter judgment, without further notice and hearing to STUKEL, based on Mitchell's attorney's motion and the aforesaid Affidavit of Non-payment and issue execution based on said judgment. STUKEL agrees that service of process is effective upon delivery by e-mail, regular mail, and certified mail to STUKEL c/o Momentum Capital 2001 Butterfield Road Suite 1050 Downers Grove Illinois 60515 and that venue is proper in United States District Court, Middle District, Florida.

_____
Douglas Stukel

STATE OF ILLINOIS }
COUNTY OF _____

THE FOREGOING INSTRUMENT was acknowledged before me on this ____ day of _____, 2010, by Douglas Stukel, who is personally known to me or who has produced _____ as identification and who ____ did ____ did not take an oath, acknowledging that the above and foregoing is true and correct and that it was executed freely and voluntarily for the purposes expressed therein.

(SEAL)

_____
Notary Public in and for
The State of Illinois

_____
Print/Type Name of Notary

My Commission Expires: _____